IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JODIE TURNER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:18-cv-1003
Crim. No. 2:17-cr-00027
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed this Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 43.) This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1. This matter is before the Court on its own motion under Rule 4(b) of the Rules governing Section 2255 Proceedings in the United States District Courts. For the reasons that follow, the undersigned **RECOMMENDS** that the Motion to Vacate under 28 U.S.C. 2255 (ECF No. 43) be **DISMISSED**.

## I. FACTS AND PROCEDURAL HISTORY

On March 22, 2017, Petitioner pleaded guilty pursuant to the terms of his negotiated Plea Agreement to a superseding information charging him with one count of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (ECF Nos. 19, 21.) On August 14, 2017, Judgment was entered sentencing Petitioner to a term of 37 months imprisonment, to be followed by three years supervised release, in accordance with the joint recommendation of the parties. (ECF No. 32.) On July 6, 2018, the United States Court of Appeals for the Sixth Circuit affirmed the Judgment of this Court. (ECF No. 41.) On August 21, 2018, the Mandate issued. (ECF No. 42.) On September 5, 2018, Petitioner filed this pro se

Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 43.) As his sole claim for relief, Petitioner asserts that the prosecutor improperly used evidence that police illegally obtained in violation of the Fourth Amendment in order to secure his conviction.

## II. ANALYSIS

Petitioner's claim must be dismissed because the United States Court of Appeals for the Sixth Circuit, on direct appeal, has already rejected the sole issue Petitioner raises here. "It is [] well settled that a 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir.), *cert. denied*, 528 U.S. 933 (1999). The Sixth Circuit offered the following explanation in rejecting Petitioner's claim that his conviction violates the Fourth Amendment:

> Turner argues that the district court should have suppressed the marijuana found in his vehicle and that his conviction should therefore be reversed. The government responds that Turner waived his Fourth Amendment claim by not properly raising and preserving it in the district court. The government is correct. By entering an unconditional guilty plea, Turner waived appellate review of his Fourth Amendment claim. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Abdulmutallab*, 739 F.3d 891, 904-05 (6th Cir. 2014); *United States v. Herrera,* 265 F.3d 349, 351-52 (6th Cir. 2001). Turner also affirmatively withdrew his sentencing memorandum in which he raised his Fourth Amendment arguments – indicating that he "intentionally relinquished a known right." *United States v. Soto*, 794 F.3d 635, 655 (6th Cir. 2015).

*United States v. Turner*, 729 F. App'x 450 (Mem) (6th Cir. 2018).

Moreover, as discussed by the Sixth Circuit, Petitioner has waived his claim by entry of his guilty plea.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the

> voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [constitutionally ineffective].

*Tollett*, 411 U.S. at 258. Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea are limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id*. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Claims of prosecutorial misconduct are also waived "unless it appears from the face of the indictment or the record at the time the guilty plea was entered that the government lacked the power to prosecute." *United States v. Ayantayo*, 20 F. App'x 486, 488 (6th Cir. 2001) (citing *Broce*, 488 U.S. at 574-75); *see also Calvey v. Burt*, No. 17-1926, 2018 WL 2015779, at *4 (6th Cir. Apr. 30, 2018); *see also Class v. United States*, -- U.S. --, --, 138 S.Ct. 798, 805 (2018) ("A valid guilty plea [] renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered." (citation omitted)). Such are not the circumstances here.

### III. RECOMMENDED DISPOSITION

For the reasons set forth above, it is **RECOMMENDED** that Petitioner's Motion to Vacate under 28 U.S.C. § 2255 be **DISMISSED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE