# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JODIE TURNER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:18-cv-1003
CRIM. NO. 2:17-cr-00027
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On September 10, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts recommending that the Motion to Vacate under 28 U.S.C. § 2255, ECF No. 43, be dismissed. ECF No. 44. Petitioner has filed an Objection to the R&R. ECF No. 45. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the following reasons, Petitioner's Objection, ECF No. 45, is **OVERRULED**. Petitioner's request for an evidentiary hearing is **DENIED**. The R&R, ECF No. 44, is **ADOPTED** and **AFFIRMED**. The Motion to Vacate under 28 U.S.C. § 2255, ECF No. 43, is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his conviction, pursuant to his guilty plea, on one count of possession with intent to distribute marijuana. Petitioner asserts, as his sole claim for relief, that the prosecutor improperly and knowingly used evidence

that police obtained in violation of the Fourth Amendment. Motion to Vacate, ECF No. 43, PAGEID # 167. The Magistrate Judge recommended dismissal of this claim, because the United States Court of Appeals for the Sixth Circuit on direct appeal rejected his claim that his conviction violated the Fourth Amendment as waived by entry of his guilty plea, and Petitioner likewise has waived any claim of prosecutorial misconduct. Petitioner objects to that recommendation. Petitioner argues that this Court may consider his claim, because the Sixth Circuit did not address the issue of prosecutorial misconduct based on the government's alleged knowing misrepresentation of facts indicating that the seizure of evidence resulted from a canine alert on Petitioner's vehicle, in violation of *Nape v. Illinois*, 360 U.S. 264 (1959). He seeks an evidentiary hearing for viewing of the video tape of the police search of his vehicle, in order to establish that police lied. Petitioner further argues that he did not waive review of this claim by entry of his guilty plea.[1]

Although Petitioner couches his claim in the context of prosecutorial misconduct, in lieu of a violation of the Fourth Amendment, he nonetheless has waived this claim for review by entry of his guilty plea, and it does not now provide him relief. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not

---

[1] Petitioner complains that the R&R indicates that he filed his Motion to Vacate under 28 U.S.C. § 2255 *pro se,* when he is represented by counsel. The Court recognizes Petitioner's representation by counsel; however, such representation does not alter resolution of Petitioner's claim.
Case No. 2:18-cv-3; 2:17-cr-27                                                                 Page 2 of 5

thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "This includes due process claims of prosecutorial misconduct unless it appears from the face of the indictment or the record at the time the guilty plea was entered that the government lacked the power to prosecute." *United States v. Ayantayo*, 20 F. App'x 486, 487–88 (6th Cir. 2001) (citing *Tollett*, 411 U.S. at 266–67; *United States v. Broce*, 488 U.S. 563, 574–75, (1989)); *see also Heximer v. Woods*, No. 2:08-cv-14170, 2012 WL 899358, at *7 (E.D. Mich. March 16, 2012) ("A plea of guilty or nolo contendere waives a defendant's right to claim pre-plea claims of prosecutorial misconduct." (citing *Ayantayo*, 20 F. App'x at 487–88)); *see also Carley v. Hudson*, 563 F. Supp. 2d 760, 774 (N.D. Ohio 2008) (claim of prosecutorial misconduct waived by entry of guilty plea). Petitioner raises no such allegation here. Thus, he has waived his claim of prosecutorial misconduct for this Court's review. *See Calvey v. Burt*, No. 17-1926, 2018 WL 2015779, at *4 (6th Cir. April 30, 2018); *United States v. Borden*, No. 17-5438, 2018 WL 1901009, at *3 (6th Cir. Jan. 23, 2018) (citations omitted); *Kotsonis v. United States*, No. 17-5099, 2017 WL 7310633, at *3 (6th Cir. Sept. 12, 2017).

For these reasons and for the reasons detailed in the R&R, Petitioner's Objection, ECF No. 45, is **OVERRULED**. Petitioner's request for an evidentiary hearing is **DENIED**. The R&R, ECF No. 44, is **ADOPTED** and **AFFIRMED**. The Motion to Vacate under 28 U.S.C. § 2255, ECF No. 43, is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. See 28 U.S.C. § 2255(d). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id.

This Court is not persuaded that reasonable jurists would debate this Court's dismissal of Petitioner's claim as waived. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith, and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**